UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:06CV-54-R

TODD CHILDRESS, Individually and as
Administrator of the ESTATE OF MICHAEL CHILDRESS and
JANNA CHILDRESS                                                                              PLAINTIFFS

v.

THE CAFARO COMPANY,
KENTUCKY OAKS MALL CO., and
NATIONAL SECURITY CONSULTANTS, INC.                                         DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on motion to dismiss (Dkt. # 7) of Defendant The Cafaro Company ("Cafaro"). Plaintiffs responded (Dkt. # 9), Cafaro replied (Dkt. # 11), and this matter is now ripe for decision. For the reasons given below, Defendant's motion will be converted to a Motion for Summary Judgment and **GRANTED**.

## BACKGROUND

Plaintiffs filed the instant complaint against Cafaro, as well as Kentucky Oaks Mall, Co. ("Kentucky Oaks Mall") and National Security Consultants, Inc. ("National Security"). Plaintiffs' complaint seeks compensation for damages resulting out of the stabbing and eventual death of Michael Childress in the parking lot of the Kentucky Oaks Mall in Paducah, Kentucky. Cafaro filed the instant motion to dismiss on the grounds that it has no legal relationship to the Kentucky Oaks Mall that would give rise to liability for Plaintiff's decedent's injuries.

Before reaching the merits of this issue, the Court must address its procedural posture. Although Cafaro styled its motion as one seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6),

it attached to and relied upon in its motion a number of documents, including affidavits, which are beyond the scope of the pleadings. Rule 12(b)(6) provides in pertinent part:

> ...If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Therefore, the Court will consider the motion under the standard set forth in Rule 56. In light of the fact that Plaintiffs have also filed affidavits in support of their response to the motion, the Court finds that this conversion does not constitute unfair surprise that would require notice. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975).

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support his position, he must present evidence on which the trier of fact

could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

Defendant's motion argues that "it does not now own or operate Kentucky Oaks Mall Company and did not own, operate, or have anything to do with Kentucky Oaks Mall on June 17, 2004, the date on which Cafaro's allegedly wrongful conduct is claimed to have occurred." (Dkt. # 7). It makes the same claim with respect to National Security. In support of these assertions, Cafaro references the affidavits of Timothy Matune, Cafaro's corporate secretary, and James Dobran, Kentucky Oaks Mall Company's Chief Counsel, which each contain statements to the same effect.

Plaintiffs respond with similarly conclusory statements, and reference an attached affidavit from an attorney, Jennifer C. Parker. Ms. Parker "researched ownership of the Kentucky Oaks Mall" and concludes "that Cafaro co-owns Kentucky Oaks Mall in Paducah, Kentucky with CBL & Associates" and "that Kentucky Oaks Mall Co. is a subsidiary of Cafaro

3

and CBL & Associates." (Attachment 1 to Dkt. # 9).  For these propositions she cites an article, apparently from the periodical *Shopping Center Business*, and two websites. The periodical referenced in her affidavit as "Exhibit A" was not provided to the Court.  The first website mentioned, "EDGAROnline," contains corporate information about a company named CBL & Associates Properties, Inc., and lists as a subsidiary of that company Defendant Kentucky Oaks Mall Company.  The second, "Goliath," contains a company profile of the Kentucky Oaks Mall Company, and identifies it as a "private subsidiary" located in Paducah, but makes no mention of Cafaro or CBL & Associates.

In reply, Defendant argues that there is no genuine issue of material fact as to Cafaro's connection to the property in question, and therefore no possible liability.  In support of this, Defendant argues that (a) even if relied upon, the evidence presented by Plaintiffs does not demonstrate a legal relationship; and (b) the partnership agreement and related documents demonstrate that Cafaro has no such relationship.  Defendant also attaches a title examination which indicates that Kentucky Oaks Mall Company owns the property on which the mall sits in fee simple.

Plaintiffs have not introduced evidence sufficient to create a genuine issue of material fact with respect to Cafaro's potential liability in this case.  The partnership agreement and other direct evidence demonstrates that, although *individuals* with the name Cafaro (who could be principals in the defendant Cafaro company) are part of the limited partnership which owns Kentucky Oaks Mall, the two corporate entities are not related in any other way.  The indirect evidence (magazine article and website information) offered by the Plaintiffs also does not demonstrate any such relationship.  Therefore, Defendant Cafaro is entitled to summary

judgment.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be **GRANTED**. Defendant Cafaro will be **DISMISSED**. An appropriate order shall issue.